J. L. Gross, Appellee, v. John Johnson, Appellant.

Gen. No. 32,308.

Opinion filed May 2, 1928.

JOSEPH O. McKIERNAN, for appellant.

CHARLES W. LAMBORN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action in tort and is of the fourth class under the Municipal Court Act, Cahill's St. ch. 37, ¶ 389 *et seq.*, in which plaintiff claims damages to his Chevrolet sedan automobile, resulting from defendant's servant negligently driving his team of horses drawing a wagon into the rear of plaintiff's automobile while it was standing at the west curb on South Halsted street, in the city of Chicago, on March 30, 1925.

There was a trial before the judge without a jury, with a finding for the plaintiff with damages assessed at $161.24, upon which judgment was entered, and defendant brings the record here for review by appeal.

In the conclusion to which we have arrived there must be a reversal for procedural error on the part of the trial judge. Consequently, we do not pass upon the facts or the merits of the controversy except to observe that the claim of plaintiff for damage by reason of the loss of the service of his automobile while it was being

repaired was a proper element of damage, for which plaintiff may recover if there is evidence adduced proving that he was damaged. While evidence was received upon the trial regarding such damage, it was not heeded by the trial judge in arriving at his finding.

It appears that the trial judge, at the time of the trial, was attempting to preside at two trials at the same time, that of this suit and of another which was in the court room, and this case in the judge's chambers. During the hearing of this case the trial judge absented himself many times to go into his court room to hear the other case there on trial. This was unethical judicial conduct and cannot be too strongly condemned. No judge should attempt to try two cases at the same time, for as in the case at bar, an injustice will necessarily result in one, if not in both cases. No exigency of the business of the court can justify such action. During a part of the trial the defendant was excluded by the judge from the hearing, and was not permitted to be present as he had a right to be during all of the time his case was on trial. As said in *Odum v. Corn Products Refining Co.,* 173 Ill. App. 348: "We know of no law that prevents interested persons from being present at the hearing of their case, even though their unfortunate condition was such as to enlist the sympathy of the jury."

In *Loftus v. Chicago Rys. Co.,* 293 Ill. 475, 476, it was said:

"It is not permissible in the trial of either a civil or criminal case for the trial judge to absent himself from the court room during the argument of the case or at any other step in the proceedings of the trial before the jury. It is the duty of the trial judge, in every instance when he finds it necessary to absent himself from the court room when the trial is in progress, to suspend all judicial proceedings until his return. Such absence of the judge necessarily invites misconduct of some kind on the part of the attorneys, spectators or

other persons, and gives the parties to the suit no chance whatever of protecting themselves against such misconduct or of preserving proper exceptions through rulings of the court that might be made on objections raised to such misconduct. This court has frequently declared the rule that the absence of a judge during the argument or other active proceedings in a trial before a jury is to be regarded as fatal error in a civil case unless it shall appear to the reviewing court that the cause of the complaining party was not prejudiced by what occurred in court during the judge's absence. (*Wells v. O'Hare,* 209 Ill. 627; *Meredeth v. People,* 84 id. 479; *Durden v. People,* 192 id. 493.)"

Defendant had a right to be present during the whole of the trial and it was a denial of his constitutional right for the trial judge to deprive him of that legal privilege.

The foregoing unjudicial action of the court was not only subversive of the right of the litigant, but resulted in the judge endeavoring to expedite the trial by having counsel state what they expected to prove by certain witnesses, and then instructing opposing counsel to cross-examine. This conduct of the judge was highly improper and deprived the parties of substantive rights which the judge should observe in the trial by permitting counsel to place their witnesses upon the witness stand and allowing counsel to examine such witnesses and opposing counsel to cross-examine them. Such is the usual practice in the ordinary conduct of lawsuits.

At one stage of the trial the court remarked to counsel for the plaintiff, "What will your other witness testify to, counsel?" (Referring to the plaintiff.) Counsel thereupon told in detail what he expected to prove by the plaintiff, after which the court said:

"Is there any doubt, without admitting the truthfulness of the testimony, is there any doubt that this

witness will testify to that, without admitting the truth of his testimony?''

Whereupon counsel for defendant said to the court: ''I would much rather, if the Court please, have the witness testify.''

Whereupon the court observed to the plaintiff witness: ''You have been sworn, have you?'' who answered, ''Yes, sir.''

Then the court said to the witness, ''Did you hear what counsel said?'' The witness, ''Yes, sir, your Honor.''

Then the court asked the witness this question: ''Is that the substance of your testimony?'' to which he answered, ''Yes, sir.''

Then the court said to defendant's counsel, ''Suppose you cross examine him.'' Counsel replied, ''I want to enter an objection to the method of examining the plaintiff, for the record.''

The improper and irregular conduct on the part of the judge deprived the plaintiff of his right to testify in the usual manner, and also invaded the right of the defendant to hear the testimony from the lips of the plaintiff and to cross-examine him thereon.

The court said, addressing defendant, ''Mr. Johnson will you step out?'' Mr. Johnson answered, ''Yes.'' His counsel then said to the court, ''I think the defendant is entitled to be in here,'' and the court replied, ''No,'' to which action of the court defendant's counsel excepted.

For the irregular, unjudicial and erroneous conduct of the trial judge in absenting himself several times during the trial of the case, for the exclusion of the defendant during part of the time from the trial, for his taking the statement of plaintiff's attorney as to what the testimony of his client would be if put upon the witness stand, and compelling counsel for defendant to cross-examine the plaintiff upon such statement, the judgment of the municipal court is reversed and

the cause is remanded for a new trial in consonance with law and ethical judicial procedure.

*Reversed and remanded.*

TAYLOR, P. J., and WILSON, J., concur.