Arnold E. Kopplin, Appellee, v. Nina V. Kopplin, Appellant.

Gen. No. 43,886.

212

Opinion filed December 31, 1946. Released for publication January 15, 1947.

JOHN B. KING, of Chicago, for appellant.

DONALD J. SEELEY, of Rogers Park, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Nina V. Kopplin, defendant, appeals from a decree of divorce entered against her upon the ground of desertion.

The parties were married on September 22, 1920. Two children were born to them, Arnold E., Jr., who was twenty-one years of age at the time of the trial, and Norma Jean, who was sixteen years of age. During the entire time the parties lived together there were constant quarrels. In March, 1943, defendant brought a separate maintenance suit against plaintiff and he filed a cross-complaint for divorce, but, apparently, the complaint and cross-complaint were both abandoned. The theory of fact of plaintiff is that on March 14, 1944, defendant without just cause ordered him from their home, shoved him forcibly and almost knocked him down and told him to get out; that he got out and went to the Y. M. C. A., where he got a room; that he moved "his things" the next day; that on December 29, 1944, he told defendant and her lawyer that he was going back home and stay there; that defendant said that he certainly would not come back home and defendant's lawyer told him that he could not go back to his home; that the next day he went to the home and told defendant he was tired of paying rent when he owned a home and that he was going to stay in the home and have the back bedroom; that defendant said he was not, and she called the police and told them she had a court order for keeping plaintiff out of the house; that defendant told the police she would sign an

order for the arrest of plaintiff and the police took him out of his home; that defendant accused him of going out with other women and mentioned the name of a woman that he knew but that he did not go out with that woman; that on March 13, 1944, they were occupying separate rooms in the home and that this had been the situation since December 26, 1942. Plaintiff admitted that he struck defendant on July 21, 1943, because she called him a Nazi; that he did not remember hitting her with a wash cloth on August 16, 1943. Defendant testified that trouble started in the home in 1941, "when he was messing around with his boy friend's wife," and that they had some very serious arguments over that; that they were sleeping in separate rooms because she wanted air in the room and he did not, because he had asthma; that plaintiff struck her and beat her on a number of occasions. Defendant claimed that plaintiff, of his own volition, left the home and remained away without supporting her for one and one-half years, and that the evidence to the effect that she drove him away from the home was part of a plan to build up a dishonest charge of desertion against her.

Defendant strenuously contends that the trial court erred in finding that she was guilty of desertion since March 14, 1944. In the view that we have taken of this appeal we do not deem it necessary to pass upon the merits of the case.

Defendant contends that she had a right to be present during the trial of the cause and that the trial court violated her constitutional rights when he caused her to be expelled from the court room during the early part of the trial and kept her out of the court room until her counsel called her to testify in her own behalf. The first witness called to testify for plaintiff was the plaintiff. In the early part of his testimony his counsel asked him what happened on March 13, 1944. The following then occurred: "A. We had some friends

over to the place and we were showing moving pictures in the basement and after while we went upstairs and my wife wanted to know who one of the fellows was and he didn't answer and I said, 'Bill, you don't have to answer' and she wanted to know and we didn't tell her and I went in the dining room and John Jarecki went in the dining room and William Anderson was in the dining room with me. Mrs. Kopplin: That is a lie. You are not telling the truth. The Court: Tell your client to keep still or we will shut her out of the courtroom. Mr. King [defendant's attorney]: You will have to obey the order of the Court and keep still. Mrs. Kopplin: Well, he isn't telling the truth. The Court: Mr. Bailiff, take her out of the room and keep her out until we send for her. (Thereupon Mrs. Kopplin was escorted from the courtroom by the bailiff and didn't return until she was called to testify.)'' During defendant's absence from the court room plaintiff's direct examination and cross-examination were finished and three witnesses were called in behalf of plaintiff who gave testimony in support of his charge of desertion. Counsel for defendant put only one question to the first witness and he did not cross-examine the other two witnesses.

''To exclude a party from the court room during the trial would be repugnant to constitutional provisions declaring that no person shall be debarred from prosecuting or defending a civil cause for or against him.'' (64 C. J. 120.)

''As to the second assignment of error, it may be said that when an order is made requiring witnesses to be examined out of the hearing of each other, a party to the suit who is also a witness, should not be included in the order, so as to prevent him from being present during the progress of the trial. He has a right to be present, and to compel him to leave the court room unconditionally, while the cause to which he is a party is in process of judicial investigation, would be re-

pugnant to that provision of the constitution which declares that 'no person shall be debarred from prosecuting or defending any civil cause for or against him or herself before any tribunal in this State, by him or herself, or counsel or both.' Constitution of Miss., Article I, Sec. 30; 1 Greenlf. Ev., Sec. 432, note; *Ryan v. Cranch*, 66 Ala. 244.'' (*French v. Sale*, 63 Miss. 386, 391.)

''But it is obvious that this rule of exclusion ought never to be applied, so as to debar a party to a suit from being present during the progress of his cause. He has a right to be present, for the purpose of aiding and instructing his counsel in prosecuting or defending his suit. To order him from the court room, while his case is in process of judicial investigation, would be violative of the spirit, if not the very letter of the Declaration of Rights, which declares that 'no person shall be debarred from prosecuting or defending, before any tribunal in this State, by himself or counsel, any civil cause to which he is a party.'—Const. Art. 1, Sec. 11; 2 Best on Ev. Sec. 636; 1 Greenl. Ev. (Redf. Ed.) Sec. 432, *notes* 1 and 3.'' (*Ryan v. Couch*, 66 Ala. 244, 248.)

''Defendant had a right to be present during the whole of the trial and it was a denial of his constitutional right for the trial judge to deprive him of that legal privilege.'' (*Gross v. Johnson*, 248 Ill. App. 531, 534.)

██ Many cases to the same effect might be cited, but counsel for plaintiff does not question the foregoing well settled law; he insists, however, that ''the right of defendant to be present in court can be taken from her in a civil case, where her course of conduct is repugnant to court decorum by repeated demonstrations and outbursts.'' While the counsel cites no cases in support of his statement of the law, it is a sufficient answer to it to say that the record does not show that defendant was guilty of ''repeated demon-

strations and outbursts." A single incident brought about the court's order. The trial court had a right, if he deemed the situation warranted it, to hold defendant in contempt, but the procedure he followed cannot be defended. Counsel for plaintiff calls our attention to the fact that defendant's counsel interposed no objection to the court's action. Undoubtedly defendant's counsel should have interposed an objection to the court's action, but his dereliction in that regard does not cure the serious error committed by the court. That defendant's counsel was embarrassed by the action of the trial court and by the absence of his client is shown by the fact that he failed to cross-examine three important witnesses introduced by plaintiff in support of his charge.

We are satisfied that the hasty action of the trial court deprived defendant of a fair trial.

The decree of the Superior court of Cook county is reversed and the cause is remanded for a new trial.

*Decree reversed and cause remanded for a new trial.*

SULLIVAN, P. J., and FRIEND, J., concur.