THE VILLAGE OF ELMWOOD PARK, Plaintiff-Appellee, v. EARL R. KEEGAN, Defendant-Appellant.

(No. 59089; ▮▮▮▮▮▮▮▮)

First District (2nd Division)—March 4, 1975.

Judge, Hunter & Schirott, of Park Ridge (James R. Schirott and Jay S. Judge, of counsel), for appellant.

John N. Kvistad, of Chicago, for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

The issue in this appeal is whether a defendant who is ordered by the judge to go out of the courtroom and get an attorney can be tried and convicted during his absence. The facts are not in dispute.

In complaints that alleged violations of two municipal ordinances, Earl R. Keegan was charged with "* * * failure to reduce speed to avoid accident [sic] * * *" and with "* * * driving while under the influence alcohol [sic] * * *." He went to court twice without an attorney. On each occasion, he asked for and was granted a continuance. The third time, on the morning of February 7, 1973, Keegan appeared, again without an attorney. This time, however, the clerk's record shows that he was "* * * ordered by the Court * * * to go and get an Attorney * * *." He went to look for one; but during his absence, the cases against him were called twice. Then, with Keegan still absent, the trial judge entered pleas of not guilty on his behalf, heard the prosecution's evidence, made findings of guilty and entered judgments which sentenced defendant to pay fines and costs totalling $130.

A short time later, less than 2 weeks, defendant appeared with counsel and filed a written motion which prayed for vacatur of the judgments. He alleged that on February 7, 1973, he appeared in court; that the trial judge ordered him to go out and get an attorney, an order which he attempted to obey without success; and that when he returned about an hour later, he was told by the clerk that in his absence he had been

tried, found guilty and sentenced. Defendant contended that the findings and judgments of the trial court, in his absence, deprived him of rights secured by our State and Federal constitutions. The motion was denied.

In this court, defendant makes the same contention and argues that it was unfair for the trial judge to instruct him to leave court in search of counsel, and then, without having set a time for him to return, try him in absentia. The municipality whose ordinances were allegedly violated contends that the proceedings below were civil in nature and governed by the provisions of the Civil Practice Act. Therefore, it argues that the judge acted within his judicial discretion when he commenced the trial and convicted defendant during his absence.

■■ We agree with defendant. It is true that he appeared in court three times without a lawyer, a fact which indicates he was imposing on the trial court. However, under our system, it was the province and duty of the court to see that every litigant who appeared before it was treated with fairness and justice. (See *Osborne v. Leonard*, 99 Ill.App. 2d 391, 240 N.E.2d 769.) This duty does not turn on whether the case is civil or a criminal one. Although a proceeding may involve the recovery of penalties for violation of a municipal ordinance and thus be civil in nature, each party before the court must be accorded a fair trial, free of prejudicial error, just as would be the case in any civil action. See *Village of Maywood v. Houston*, 10 Ill.2d 117, 139 N.E.2d 233.

■■ Generally, a rule that assures fundamental fairness applies to all cases, civil as well as criminal. (*Bonhiver v. Rotenberg, Schwartzman & Richards* (7th Cir. 1972), 461 F.2d 925.) So it is with the rule that gives a defendant the right to be present at the trial of his case. (See *Gross v. Johnson*, 248 Ill.App. 531; *Kopplin v. Kopplin*, 330 Ill.App. 211, 71 N.E.2d 180; *Grant v. Paluch*, 61 Ill.App.2d 247, 210 N.E.2d 35.) Therefore, telling a defendant to go and get an attorney, without telling him that if he does not return within a certain time he will be tried in absentia, is fundamentally unjust. For this reason, the judgments are reversed and the cause is remanded for a new trial, or for further proceedings not inconsistent with the views expressed in this opinion.

Reversed and remanded for a new trial.

STAMOS and HAYES, JJ., concur.