THE PEOPLE *ex rel.* CYNTHIA GETZ, Plaintiff-Appellant, *v.* RANDY E. LANG, Defendant-Appellee.

Third District   No. 78-99

———

Opinion filed July 11, 1978.

William J. Scott, Attorney General, of Chicago (Ellen P. Brewin, Assistant Attorney General, of counsel), for appellant.

C. Brett Bode, of Bernardi, Ault & Bode, of East Peoria, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The action involved in the instant case was instituted by the People of the State of Illinois on the relation of complainant Cynthia A. Getz, as a paternity action against Randy E. Lang. On the motion of defendant Lang, the trial court dismissed the cause for the reason that the action was not commenced within the applicable limitation period specified by statute. On appeal, the State, on behalf of Cynthia Getz, contends that the circuit court erroneously applied the limitation period to this action.

The record discloses that on August 10, 1977, the instant action was filed by the People of the State of Illinois on the relation of Cynthia A. Getz, pursuant to "An Act in relation to the paternity of children born out of wedlock * * *" (Ill. Rev. Stat. 1977, ch. 40, par. 1351 *et seq.*). The complaint alleged that on July 30, 1975, complainant Cynthia A. Getz delivered a child born out of wedlock, and that defendant Randy E. Lang was the father of that child. The defendant moved to dismiss the action on the ground that the action had not been commenced within the limitation period of 2 years from the birth of the child, as mandated by section 4 of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 1354). As we have noted, the trial court dismissed the cause pursuant to defendant's motion.

The only issue presented for review is whether the limitation period specified in section 4 of the Act was properly applied in the instant case. Section 4 of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 1354) provides in part:

> "A proceeding to establish the paternity of a child born out of wedlock and to establish and enforce liability for its support, maintenance, education and welfare shall be instituted in the circuit court. Such action may be instituted only on the filing of a complaint in writing (a) by the mother of a child born out of wedlock, * * *. The complainant, under oath or affirmation, shall accuse a person of being the father of such child. * * * The several State's Attorneys within their respective counties shall, upon the request of such woman, file the complaint on her behalf and proceed forthwith in the enforcement of this Act. * * * No such action may be brought after the expiration of 2 years from the birth of the child. * * *"

In the instant case, it is clear that the complaint was filed 2 years and 10 days after the birth of the child referred to.

The determination of the issue before us has been considered in cases in this State, and the particular circumstances involved, have been the basis of whether or not an estoppel may be asserted as a defense to the 2-year limitation period specified in section 4 of the Act. In *Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 344 N.E.2d 447, the court stated, with respect to the section 4 limitation period (63 Ill. 2d 71, 86-87):

> "[T]his court has held the two-year limitation period is not, technically, speaking, a statute of limitations; it is a condition of the right to maintain the statutory action. (*Brown v. Box* (1967), 38 Ill. 2d 80.) In other contexts, this court has said that a condition is substantive, not remedial, and that where the statute alone is the source of the right to sue it is jurisdictional, should be strictly construed, and must be observed. (*Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, 283-84 (dramshop); *Wilson v. Tromly* (1949), 404 Ill. 307, 310-11 (wrongful death).) While these observations may hold true for some statutes or for some purposes, we are not constrained to apply them to prevent the application of an estoppel doctrine in a paternity action. In the statutory actions cited, other than *Brown*, the possibility that an estoppel situation would arise is remote, and *Brown* did not consider the applicability of estoppel. Plaintiffs who are considering suit against strangers are unlikely to be easily lulled into forfeiting a cause of action. In a paternity action, however, a mother must formally accuse a man with whom, at least for some period of time, she was emotionally involved. She would be understandably reluctant to file charges against a man during the time he voluntarily acknowledged and supported the child."

In the instant case, however, the plaintiff makes no allegations or arguments concerning the applicability of an estoppel doctrine. Instead, the plaintiff argues that the limitation period specified in section 4 of the Act is in the nature of a statute of limitation, and should not be applied to an action brought by the State. In common with the *Cessna* court and following the precedent of *Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 86, 344 N.E.2d 447, we are "constrained" to hold that "the two-year limitation period is not, technically speaking, a statute of limitations." We are also mindful that the two-year limitation period has been applied to actions brought by the State on the relation of the complainant mother. *People ex rel. Sides v. Johnson* (1920), 220 Ill. App. 212; *People ex rel. Hackspiel v. Adamick* (1923), 230 Ill. App. 585.

In the instant case, the complaint was filed 10 days after the expiration of the limitation period specified in the statute which created the right of

action. On the basis of the precedents to which we have referred, we conclude that the filing of the action within the two-year period, is, in fact, a condition of the right to bring a paternity action and "is jurisdictional, should be strictly construed, and must be observed." (See *Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 87, 344 N.E.2d 447.) It is notable that the plaintiff has not advanced any substantive arguments (such as an estoppel argument) which would equitably indicate that the limitation period should not be strictly applied. It is clear, therefore, on the record, that the trial court properly applied the two-year limitation provision in this case when it dismissed the complaint on that ground.

We recognize that it may be unfortunate that a 10-day delay in commencing the action may deprive complainant's child of the possibility of obtaining support from the alleged father, but the limitation of the statute and the two-year conditional period established is clear and cannot be ignored, in absence of any equitable reason, such as estoppel, to prevent the application of the two-year limitation period. The complainant here did have a full two years within which she could have successfully instituted the action. The two-year limitation period normally affords sufficient time for the institution of a paternity action.

For the reasons stated, therefore, the judgment of the Circuit Court of Tazewell County is affirmed.

Affirmed.

BARRY, P. J., and STOUDER, J., concur.