THE PEOPLE *ex rel.* NICOLE ROZAK, Plaintiff-Appellant, *v.* MICHAEL HERMAN, Defendant-Appellee.

First District (4th Division)    No. 77-1024

Opinion filed October 5, 1978.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., J. Daniel Azulay, and Mark V. Chester, Assistant State's Attorneys, of counsel), for appellant.

Charles I. Barish, of Chicago, for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

The State of Illinois brought this paternity action on behalf of Nicole Rozak (hereinafter relatrix) to have defendant, Michael Herman, declared the father of her child born out of wedlock and to have him contribute to the support of the child. At a preliminary hearing, the trial court ruled that the defendant was not estopped from raising the two-year statutory limitation period as a ground for dismissal. Thereupon, on defendant's motion on the limitation ground, the trial court dismissed the action. Ill. Rev. Stat. 1975, ch. 106¾, par. 54; *Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 344 N.E.2d 447.

Plaintiff has appealed and presents three issues for review: (1) whether

the finding the defendant was not estopped to raise the two-year limitation period is against the manifest weight of the evidence, (2) whether the court erred in granting defendant's motion to dismiss at the close of the plaintiff's case, and (3) whether the court erred in ruling that the relatrix would have to testify first or be excluded from the courtroom during other witnesses' testimony.

We reverse and remand.

Defendant has not filed a brief in this court, however, under the authority of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, we proceed to the merits of the appeal.

At the hearing, the following pertinent facts were adduced. Relatrix met the defendant for the first time in November 1968. On January 4, 1969, they had sexual intercourse as a result of which she became pregnant. Relatrix's child, Michael John Herman, Jr., was born on September 19, 1969, and was 7 years old at the time of the hearing. Soon after the baby was born, the mother called defendant to announce the occasion and asked for suggestions on a name for the baby. Defendant replied that they should call him Michael.

Beginning with the child's birth, defendant provided relatrix with sums of money for Michael's support. In an average year she received $1000 from the defendant. Three or four years before the hearing, relatrix and defendant agreed that defendant would pay her $15 a week as support for the child. These payments were fairly regular even though relatrix had criminal charges brought against the defendant for an incident where he allegedly kicked and broke her television set. Eventually, defendant prevailed upon her to drop the charges. The last payment she received from defendant was in July 1976. In addition, each Christmas defendant spent approximately $150 on gifts for Michael. During the period from the birth of the child until November 1976, when the present action was filed, and even after that, defendant had been seeing the relatrix and having sexual intercourse with her on a regular basis. Even during the time that relatrix was acting as the complainant in the criminal action, she was having sexual relations with the defendant.

Relatrix testified that defendant referred to the child as "Junior." It was further brought out that defendant responded when the child called him "Daddy." The defendant attended the child's baptism on June 24, 1973. The baptismal certificate showed defendant to be the father of the child.

Because defendant incurred gambling losses in August 1976, he discontinued payments for the support of the child. This prompted relatrix to file the paternity action. Defendant had previously told her if she filed an action against him he would deny fathering the child. After the action was initiated, defendant attempted to discourage its

prosecution by telling the relatrix that he would resume providing payments for the child but he would not admit in court to being the father.

During cross-examination, relatrix testified that she did not file the paternity action immediately after the child was born because defendant was giving her money and she felt it was unnecessary. At the conclusion of her testimony, the trial court questioned her at length about her knowledge of her right to file such an action. She testified, among other things, that she first learned about a remedy under the Paternity Act in August of 1976.

At the conclusion of the State's evidence on the issue of estoppel, the trial court granted defendant's motion for a finding in defendant's favor, stating that it had not been established that defendant's actions operated to cause the relatrix to forego her rights under the Paternity Act. The trial court reasoned that relatrix could not argue that the two-year limitation period set forth in the statute had been tolled, because she was not aware of her rights thereunder within the two-year period after the child's birth, and there was no showing that she would have been aware of her rights had defendant acted differently. The trial court dismissed the action.

■■ Plaintiff's first contention is that the trial court's finding that defendant was not estopped to raise the two-year limitation period is against the manifest weight of the evidence. We agree. Section 4 of the Paternity Act provided that no paternity action may be brought after the expiration of two years from the birth of the child (Ill. Rev. Stat. 1975, ch. 106¾, par. 54). Certain statutory exceptions allowing for late filing were provided, but they are not pertinent to this appeal. However, in *Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 344 N.E.2d 447, the supreme court held that under appropriate circumstances a defendant in a paternity action may be estopped from raising the two-year limitation period as a defense. The court recognized that a mother would be understandably reluctant to file charges against the alleged father during the time he voluntarily acknowledged and supported the child. The court enunciated the standards the trial court must employ when faced with the question of estoppel.

> "The test to be applied is both factual and legal. The trial court must determine after an evidentiary hearing whether defendant's conduct within two years of the child's birth significantly discouraged plaintiff from bringing suit until after the limitation period expired. Estoppel may be appropriate where defendant has acknowledged the child in an unambiguous statement in the presence of third parties, even though not under oath or in open court, or where defendant has significantly contributed to the support of the child. In either situation an action must still be

brought within two years of the most recent statement or significant contribution." 63 Ill. 2d 71, 88. See also *People ex rel. Getz v. Long* (1978), 61 Ill. App. 3d 933, 378 N.E.2d 398.

It is evident that the plaintiff has proved by a preponderance of the evidence that defendant should be estopped from asserting the two-year limitation period as a ground for dismissal. The evidence shows a course of conduct by the defendant which induced the mother's reliance that defendant would support the child without court action. The evidence also shows that defendant discouraged the mother from instituting legal proceedings by promising to resume discontinued payments while at the same time threatening to deny his responsibility in court. Defendant significantly contributed to the child's support until July of 1976. Defendant publicly acknowledged the child at his baptism, referred to him as "Junior," and it was established that around the time of the child's birthday in September 1975, defendant responded when addressed as "Daddy" by the child. It is also significant that defendant's relationship with the child existed in the context of defendant's ongoing relationship with the mother. Although this relationship was strained at times, the emotional involvement engendered by it tended to aggravate the mother's reluctance to commence any legal proceeding.

We think that the trial court placed undue emphasis on relatrix's knowledge of the existence of the Paternity Act and her rights thereunder. Her awareness or lack thereof of her rights appears to have been related to defendant's treatment of her and the child. As soon as defendant became recalcitrant in providing support, she proceeded to investigate the legal process. The trial court's finding that she would not have become aware of her rights had defendant acted differently is contradicted by the manner in which she made herself aware of the Paternity Act and her subsequent institution of proceedings as soon as defendant's conduct toward her and the child materially changed. We find that the court's determination that estoppel was not proved is against the manifest weight of the evidence.

● 2 Plaintiff's second contention is that the trial court erred in granting defendant's motion to dismiss at the close of the plaintiff's case. At the close of the evidence, which plaintiff presented at the preliminary hearing on the estoppel issue, the trial court granted defendant's motion for a finding in his favor. It has been held that, in ruling on a motion made at the close of the plaintiff's evidence, the court must weigh the evidence, determine the credibility of witnesses and enter a finding for defendant if plaintiff has not met his burden of proof by a preponderance of the evidence. (*Bau v. Sobut* (1977), 50 Ill. App. 3d 732, 356 N.E.2d 724; *Voss v. Lakefront Realty Co.* (1977), 48 Ill. App. 3d 56, 365 N.E.2d 347; Ill. Rev. Stat. 1977, ch. 110, par. 64(3).) As previously discussed, plaintiff did meet its burden of proof, and the trial court's ruling in defendant's favor was

thereby erroneous. Therefore, the judgment must be reversed and the cause remanded with directions to proceed as though defendant's motion had been denied. *De Bello v. Checker Taxi Co.* (1972), 8 Ill. App. 3d 401, 290 N.E.2d 367.

Plaintiff's final contention concerns the trial court's ruling that relatrix would have to testify first or be excluded from the courtroom during other testimony. The record shows that before the preliminary hearing commenced, defense counsel moved to exclude the witnesses over the State's objection. The trial court ruled that in the interest of justice the relatrix would be excluded while other witnesses testified, but she need not be excluded if she testified first. The court directed the State to call the relatrix as its first witness. The relatrix testified first and was not thereafter subject to the exclusion order.

Plaintiff argues that a party in interest in a lawsuit cannot properly be excluded by the trial court. (*Grant v. Paluch* (1965), 61 Ill. App. 2d 247, 210 N.E.2d 35; *Kopplin v. Kopplin* (1946), 330 Ill. App. 211, 71 N.E.2d 180.) Plaintiff further argues that the relatrix was the real party in interest in the instant case. (*People ex rel. Cullison v. Dile* (1931), 347 Ill. 23, 179 N.E.2d 93; Ill. Rev. Stat. 1975, ch. 106¾, par. 54.) Plaintiff concludes that no condition could be placed on the right of the relatrix to remain in the courtroom during the entire proceeding.

We find this argument meritorious. In *Grant v. Paluch*, a dramshop action on behalf of plaintiff's wife and children, the trial court excluded plaintiff's wife from the courtroom, when plaintiff refused to call her as his first witness, as was suggested by the trial court. This court held that the trial court erred in excluding plaintiff's wife because as the real party in interest she had a right to be present in the courtroom during the entire trial. It is true that the trial court has wide discretion in controlling the order in which evidence is produced at the trial. (*Foerster v. Illinois Bell Telephone Co.* (1974), 20 Ill. App. 3d 656, 315 N.E.2d 63.) Nevertheless, trial strategy will often dictate that a witness other than plaintiff be called first.

■■ Although the instant relatrix as the real party in interest was not excluded from the courtroom, we find that under the circumstances the condition placed on her presence in the courtroom impermissibly compromised her right to be present throughout the proceedings.

For the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings in accordance with the views set forth.


Reversed and remanded.


JOHNSON, P. J., and ROMITI, J., concur.