JANE CHONG, nka JANE FERREIRA, Plaintiff-APPEALS
v.
WAYSON WEI-CHENG CHONG, Defendant-Appellant
No. 28237
Intermediate Court of Appeals of Hawaii.
July 29, 2008.
On the briefs:
Pamela E. Tamashiro, for Defendant-Appellant.
Blake T. Okimoto, Trina L. Yamada, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FOLEY and FUJISE, JJ.
Defendant-Appellant Wayson Wei-Cheng Chong (Chong) appeals from: (1) Order Denying [Defendant's] Motion and Affidavit for Post-Decree Relief, filed on September 26, 2006; (2) Order Denying [Defendant's] Motion to Join Necessary Party, filed on September 27, 2006; (3) Order Granting [Plaintiff's] Motion in Limine, filed on September 27, 2006; (4) Order Denying [Defendant's] Motion to Continue Trial, filed on September 14, 2006; (5) denial of Ex Parte Motion to Shorten Time to Hear Defendant's Motion to Join Necessary Party, filed on August 21, 2006; (6) Order Denying [Defendant's] Motion for Reconsideration Filed October 5, 2006, filed on November 14, 2006; and (7) Order Granting in Part [Plaintiff's] Motion to Award Attorney's Fees and Costs, filed on December 20, 2006[1] in the Family Court of the First Circuit (family court).
On appeal, Chong contends:
(1) In the circuit court's March 22, 2007 Findings of Fact and Conclusions of Law, Findings of Fact (FOFs) 10, 11, 21, 28, 30, 39, 40, 41, 42, 44, 45, 46, and 47 are erroneous; Conclusions of Law (COLs) 2, 3, 4, 5, 6, 7, and 8 are wrong; and the circuit court abused its discretion in denying Defendant's Motion to Join Necessary Party (COL 4).
(2) In the circuit court's February 22, 2007 Supplemental Findings Of Fact and Conclusions of Law, the circuit court abused its discretion in finding that it had jurisdiction to hear the motion for fees and costs after Chong had filed his notice of appeal (Supplemental FOF 5); the circuit court abused its discretion in finding that Chong's oral motion to stay the order awarding Plaintiff-Appellee Jane Chong a portion of her attorney's fees and costs was procedurally deficient (Supplemental FOF 7); and Supplemental COLs 1, 2, 3, and 4 were wrong.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Chong's points of error as follows:
Chong enumerates 26 points of error, but fails to argue any of the points of error alleged. With one exception, the argument section of the Amended Brief contains no discernable reference to any of the 26 points of error.[2] The argument section restates the facts of the case and Chong's beliefs. The closest thing to a supporting argument in the four pages of the argument section is as follows:
Appellant believes that the "fundamental fairness" and "fair trial" referred to in the [Onaka v. Onaka, 112 Hawai`i. 374, 381, 146 P.3d 89, 96 (2006),] and [Village of Elmwood Park v. Keegan, 26 Ill. App. 3d 925, 927, 326 N.E.2d 92, 93 (1975),] cases implicate Appellant's constitutional rights under the Due Process Clause. As such and because Onaka and Keegan specifically state that "fundamental fairness applies to all cases, civil as well as criminal," that said rights are grounded in the constitution[] and must be judged under constitutional principles of law.
Appellant believes that the Family Court denied him "fundamental fairness" and a "fair trial" by its erroneous pretrial rulings and orders. While each erroneous decision viewed separately may not have risen to a denial of a fair trial, the cumulative effect of the Family Court's erroneous decisions, clearly denied Appellant his right to "fundamental fairness" and a "fair trial."
(Footnote omitted.)
Hawaii Rules of Appellate Procedure (HRAP) Rule 28(b) requires that points of error be argued or they "may be deemed waived":
(b) Opening brief. Within 40 days after the filing of the record on appeal, the appellant shall file an opening brief, containing the following sections in the order here indicated:
. . . .
(7) The argument, containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on. The argument may be preceded by a concise summary. Points not argued may be deemed waived.
Chong has failed to meet the requirements of HRAP Rule 28(b)(7). Chong has waived any claim of error presented.
Therefore,
The (1) Order Denying [Defendant's] Motion and Affidavit for Post-Decree Relief, filed on September 26, 2006; (2) Order Denying [Defendant's] Motion to Join Necessary Party, filed on September 27, 2006; (3) Order Granting [Plaintiff's] Motion in Limine, filed on September 27, 2006; (4) Order Denying [Defendant's] Motion to Continue Trial, filed on September 14, 2006; (5) denial of Ex Parte Motion to Shorten Time to Hear Defendant's Motion to Join Necessary Party, filed on August 21, 2006; (6) Order Denying [Defendant's] Motion for Reconsideration Filed October 5, 2006, filed on November 14, 2006; and (7) Order Granting in Part [Plaintiff's] Motion to Award Attorney's Fees and Costs, filed on December 20, 2006, in the Family Court of the First Circuit are affirmed.
NOTES
[1] The Honorable Christine E. Kuriyama entered the orders set forth in (1), (2), (3), (4), (6), and (7), and the Honorable Karen M. Radius denied the Ex Parte Motion to Shorten Time to Hear Defendant's Motion to Join Necessary Party in (5).
[2] The one discernable reference to the points of error cites only to the points generally and makes no argument other than to incorporate the arguments contained therein "by reference."