[Cite as *State v. Singleton*, 2019-Ohio-1477.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27916 |
| | : | |
| v. | : | Trial Court Case No. 1997-CR-1015/1 |
| | : | |
| BRYAN KEITH SINGLETON | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 19th day of April, 2019.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. No. 0076791, 75 North Pioneer Boulevard, Springboro, Ohio 45066
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Bryan Keith Singleton appeals from the trial court's judgment resentencing him for correction of post-release control, but his appeal is unrelated to the post-release control resentencing. Instead, Singleton challenges the enhanced sentence that the trial court originally imposed for aggravated murder in 1997. He argues that the enhanced sentence is void because the trial court failed to correctly find that he was a principal offender in the aggravated murder, as alleged in two death-penalty aggravating circumstance specifications. We conclude that his challenge to the specifications is barred by res judicata and also that the record as a whole shows that the trial court correctly found Singleton guilty of the aggravating circumstance specifications that he was the principal offender in the aggravated murder. Consequently, we affirm.

## I. Background

{¶ 2} In 1997, Singleton and a companion walked into a Sunoco service station where Singleton twice shot the manager, killing her. He took some money from the store and fled. A three-judge panel found Singleton guilty of aggravated murder, aggravated robbery, aggravated burglary, having a weapon while under disability, and associated firearm specifications. The aggravated-murder charge included three death-penalty aggravating circumstance specifications. The panel found Singleton not guilty of one of the specifications and guilty of the other two, but rejected the death penalty as the sentence. Instead, the panel sentenced Singleton to four consecutive prison terms: thirty years to life for aggravated murder, ten years for aggravated robbery, ten years for aggravated burglary, one year for having a weapon under disability, and three years for the firearm specification. On appeal, Singleton challenged only the denial of his motion to

suppress a confession he made. We affirmed the convictions. *State v. Singleton*, 2d Dist. Montgomery Nos. 17003, 17004, 1999 WL 173357, *1 (Mar. 31, 1999). Singleton did not raise any issues about the adequacy of the verdicts or specifications or his sentence in the direct appeal.

{¶ 3} In a subsequent federal court petition for habeas corpus, Singleton only raised the suppression issue. The district court rejected the petition, and the Sixth Circuit Court of Appeals affirmed that decision. *Singleton v. Carter*, 74 Fed.Appx. 536, 537 (6th Cir.2003).

{¶ 4} In June 2005, Singleton filed a petition for post-conviction relief dealing only with the issue of whether the case of *Missouri v. Seibert*, 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004) (rejection as unconstitutional of a policy of question-first, obtain statements, then advise of *Miranda* and have the defendant repeat the statements) applied to his confession. The petition was dismissed by the trial court as having been untimely filed, and we affirmed. *State v. Singleton*, 2d Dist. Montgomery No. 21289, 2006-Ohio-4522.

{¶ 5} In September 2013, Singleton filed a motion for resentencing in the trial court, asking to be resentenced because his convictions were allied offenses and should have been merged under R.C. 2941.25. The trial court construed the motion as a petition for post-conviction relief and held it was untimely and was also barred by res judicata. We affirmed. *State v. Singleton*, 2d Dist. Montgomery No. 25946, 2014-Ohio-630.

{¶ 6} In May 2015, Singleton filed another motion for resentencing again asking for merger of offenses for which he had been sentenced based upon plain error. The trial court construed the motion as a petition for post-conviction relief and held it was untimely

and was also barred by res judicata. We again affirmed. *State v. Singleton*, 2d Dist. Montgomery No. 26763, 2016-Ohio-611.

**{¶ 7}** In August 2016, Singleton filed a motion for resentencing on the basis that his post-release control was not imposed as mandatory, as was required by statute. The trial court overruled the motion on res judicata grounds. Singleton appealed. We noted "[i]t has been repeatedly held that 'up to' language is insufficient when post-release control is mandatory and such error causes the post-release control portion of the sentence to be void." *State v. Singleton*, 2d Dist. Montgomery No. 27329, 2017-Ohio-7265, citing *State v. Jones*, 2d Dist. Montgomery No. 26228, 2015-Ohio-1749, ¶ 5. We recognized that a void sentence can be challenged at any time and is not subject to res judicata. We reversed and remanded "for resentencing limited to the proper imposition of post-release control." *Id.* at ¶ 8.

**{¶ 8}** Singleton was resentenced for the proper imposition of post-release control in October 2017 and has appealed from the resentencing.

## II. Analysis

**{¶ 9}** Singleton presents three assignments of error:

THE TRIAL COURT'S SENTENCE OF THIRTY YEARS TO LIFE FOR AGGRAVATED MURDER IS VOID AS THE DEFENDANT WAS NOT PROPERLY CONVICTED OF ANY AGGRAVATING CIRCUMSTANCES SPECIFICATIONS ATTACHED TO THE AGGRAVATED MURDER CHARGE.

THE TRIAL COURT'S ENTIRE SENTENCE SHOULD BE VACATED AND REMANDED FOR RESENTENCING BASED ON THE

SENTENCING ERROR ON THE AGGRAVATED MURDER CHARGE.

DEFENDANT WAS DENIED HIS CONSTITUTIONALLY GUARANTEED RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL AND APPELLATE COUNSEL FAILED TO RAISE THE ISSUE OF DEFENDANT'S VOID SENTENCE.

{¶ 10} Initially, we note that this appeal is the first time Singleton has challenged the efficacy of the trial court's finding him guilty of the two death-penalty specifications that he was a principal offender in the aggravated murder by purposely causing the death of another while committing aggravated robbery and while committing aggravated burglary. As such, res judicata ordinarily would prevent him from now raising this claim. Singleton cites *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, and he argues his enhanced sentence of 30-years-to-life was contrary to law and void in that he was not properly found guilty of the two death-penalty specifications. Although we do not deny that a sentence contrary to law has been held to be void, to be clear, *Fischer* held "when a judge fails to impose statutorily mandated post[-]release control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." (Emphasis in original; footnote omitted.) *Id.* at ¶ 26. *Fischer* also specified, "although the doctrine of res judicata does not preclude review of a void sentence, *res judicata still applies to other aspects of the merits of a conviction*, including the determination of guilt and the lawful elements of the ensuing sentence." (Emphasis added.) *Id.* at ¶ 40.

{¶ 11} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due

process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus. Here, the critical question is whether Singleton is challenging as void an illegal sentence, because it was contrary to law, or whether he is challenging an ambiguity in the verdict upon which the sentence was based. We believe it is the verdict that he is challenging, because if the finding of guilt of the specifications is intact, the sentence of 30 years to life was not illegal. The necessary predicate for his argument is that the verdicts were valid only for aggravated murder, without any specifications, for which the statutory sentence is life with the possibility of parole after 20 years. We conclude it is the verdicts in regard to the specifications that he is challenging, and therefore res judicata applies, which prevents him from raising this new argument almost 20 years after we affirmed his convictions, including the specifications. For that reason alone, we reaffirm his conviction, including his sentences.

{¶ 12} Furthermore, even if res judicata did not apply, the record indicates Singleton was found guilty of the two death-penalty specifications under R.C. 2929.04(A)(7), which provides that a defendant who committed aggravated murder is eligible for the death penalty if he committed the murder while committing one of several enumerated felonies—including aggravated robbery and aggravated burglary—and that "the offender was the principal offender in the commission of the aggravated murder." If a death-penalty specification is found but the death penalty is not imposed, the specification enhances the defendant's potential prison term. The penalty for aggravated murder without a specification is life imprisonment with the possibility of parole after 20 years. R.C. 2929.03(C)(1)(a). But with a specification the penalty is life imprisonment with

the possibility of parole after either 25 or 30 years. R.C. 2929.03(C)(2)(a)(i). Singleton got 30 years to life.

{¶ 13} Singleton's contention is that his aggravated-murder sentence is contrary to law because the trial court did not find that he was the principal offender in the commission of the murder, like the R.C. 2929.04(A)(7) specification requires. As proof, he points to the trial court's December 4, 1997 verdict entry, which pertinently states:

> The Court, having carefully considered all the testimony, evidence and the arguments of counsel, unanimously finds beyond a reasonable doubt that the Defendant, Bryan Keith Singleton, is guilty of the following crimes and specifications in the indictment:
>
> Aggravated murder (Count One),
>
> Aggravated robbery (Count Two),
>
> Aggravated burglary (Count Three),
>
> Having a weapon under disability (Count Four), and
>
> The firearm specification to aggravated murder, aggravated robbery and aggravated burglary, and
>
> The specification that Defendant was the principal offender in the aggravated robbery, and
>
> The specification that Defendant was the principal offender in the aggravated burglary.

Singleton asserts that the verdict entry shows that the trial court found that he was the principal offender in the underlying felonies rather than the murder.

{¶ 14} A similar argument was made by the defendant in *State v. Keene*, 2d Dist.

Montgomery No. 14375, 1996 WL 531606 (Sept. 20, 1996). The defendant in that case argued that the trial court had found that he was the principal offender in the underlying burglary and robbery felonies rather than the murder. As proof, the *Keene* defendant pointed to the trial court's sentencing opinion, specifically a paragraph in which the court said, "The indictment also set forth seven specifications to counts three and four: firearm, to escape detection, course of conduct involving the killing or attempting to kill two or more persons, committing or fleeing after committing an aggravated burglary, committing or fleeing after committing an aggravated robbery, *and separate specifications that he was not* [sic] *the principal offender in either the aggravated burglary or aggravated robbery.*" (Emphasis sic.) *Keene* at *24. This, the defendant argued, showed that the trial court believed that R.C. 2929.04(A)(7) required that he be the "principal offender" in the underlying felony rather than in the murder. We determined that the specification "requires proof that a defendant acted as 'the principal offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design.' " *Id.* at *25. "Consequently," we said, "a defendant may not be convicted of the felony-murder capital specification based upon proof that he acted as the principal offender in the commission of the underlying felony." *Id.* We recognized that in its sentencing opinion the trial court had misstated R.C. 2929.04(A)(7). But we concluded that "the record as a whole showed that the court did not labor under a mistaken interpretation of R.C. 2929.04(A)(7)," pointing out that the indictment and the trial court's verdicts properly recited the requirements of R.C. 2929.04(A)(7). *Id.* "The trial court's misstated summation of the actual indictment," we said, "does not erode our confidence in the court's judgment. Instead, we read the paragraph, in effect, as a

shorthand reference to a lengthy and complex document." *Id.*

{¶ 15} Here too we recognize that the trial court misstated the R.C. 2929.04(A)(7) specifications in its verdict. But we do not believe that the language in the verdict entry demonstrates that the trial court misunderstood R.C. 2929.04(A)(7) or failed to find that Singleton was the principal offender in the murder. We note that in its verdict entry the trial court said that it found Singleton "guilty of the following crimes and specifications in the indictment." The indictment properly states the R.C. 2929.04(A)(7) specifications. Both the specification based on aggravated robbery and the one based on aggravated burglary state that Singleton "was the principal offender in the commission of the aforesaid Aggravated Murder."[1] Furthermore, the evidence in this case does not allow a reasonable person to find that Singleton was anything other than the principal offender. *Compare State v. Sneed*, 63 Ohio St.3d 3, 12, 584 N.E.2d 1160 (1992) (concluding that "the outcome of the trial would not have been otherwise had the jury made an explicit finding that appellant was the principal offender" in part because "the evidence in this case does not reasonably suggest that an individual juror could have found appellant not to have been the principal offender"). Singleton confessed to police that he (and another man) "went into the Sunoco store where Singleton shot and killed Margaret Chain, the store manager, twice." *Singleton*, 2d Dist. Montgomery Nos. 17003, 17004, 1999 WL 173357, at *1.

{¶ 16} We further note the language in the Decision and Entry filed by the trial

---

[1] We were responsible for making a misstatement similar to the one the trial court made in our opinion on Singleton's direct appeal, where we said "[t]he indictment contained * * * specifications that Mr. Singleton was the principal offender for both the aggravated robbery and the aggravated burglary." *Singleton*, 2d Dist. Montgomery Nos. 17003, 17004, 1999 WL 173357, *1.

judges on December 12, 1997 at 9:34 a.m., shortly before the sentencing hearing on that date, discussing mitigation:

> The slaying of Margaret Chain was a senseless, brutal and heartless act. Nothing we say in this decision on mitigation excuses or justifies Defendant Bryan K. Singleton for the commission of this terrible crime. * * *

> The Defendant has been found guilty of Aggravated Murder, in that on or about April 3, 1997, he did purposefully cause the death of Margaret "Peggy" Chain with a firearm in the course of, and in addition to the commission of Aggravated Robbery with a firearm, Aggravated Burglary with a firearm, and Having a Weapon Under a Disability. The finding of Guilty on the Specifications that the purposeful murder was in the course of an aggravated robbery and an aggravated burglary, and that the Defendant was the principal offender in said offenses are the aggravating circumstances the Court is required to weigh against mitigating factors.

If there was any question whether the trial court found Singleton guilty of the specifications as correctly worded in the indictment ("BRYAN KEITH SINGLETON was the principal offender in the aforesaid Aggravated Murder and that said Aggravated Murder was committed while * * * committing or attempting to commit Aggravated Robbery"), the proper time to raise it was at the sentencing where any doubt could have been clarified. "The waiver rule requires that a party make a contemporaneous objection to alleged trial error in order to preserve that error for appellate review. The rule is of long standing, and it goes to the heart of an adversary system of justice. Even constitutional rights 'may be lost as finally as any others by a failure to assert them at the proper time.' " *State v.*

*Murphy,* 91 Ohio St.3d 516, 532, 747 N.E.2d 765, 788, citing *State v. Childs*, 14 Ohio St.2d 56, 62, 236 N.E.2d 545 (1968).

{¶ 17} Other than the misstatements, there is no evidence that the trial court failed to find that Singleton was the principal offender in the aggravated murder. Moreover, Singleton has not supplied any of the transcripts of the trial or any other filings which would indicate that the trial court actually misunderstood the language of the indictment relating the principal-offender specifications to the aggravated murder, as opposed to the underlying offenses. What we said in *Keene* applies here too: "the trial court's misstated summation of the actual indictment does not erode our confidence in the court's judgment." Instead, we read the R.C. 2929.04(A)(7) specifications in the verdict entry as the trial court's attempt to distinguish the specifications in the indictment based on their underlying offenses, which is the only distinguishing factor in the specifications.

{¶ 18} In addition, just because the verdict entry does not explicitly say that Singleton was the principal offender in the aggravated murder does not mean that the trial court did not find that he was. The entry also does not say that Singleton "caused the death of another," but this does not mean that Singleton cannot be convicted of aggravated murder on the grounds that the trial court did not find that element of the offense. The court made no specific findings in its verdict entry other than that Singleton committed the listed offenses and specifications in the indictment, which is what the court is supposed to do in a criminal case tried without a jury—make general findings of guilt or innocence based on the evidence. *See* Crim.R. 23(C); *State v. Crawford*, 10th Dist. Franklin No. 85AP-324, 1986 WL 1715, *7 (Feb. 6, 1986). The court was not required to make findings of fact, and any findings it did make would be "mere surplusage." *Crawford*

at *7; *State v. Ham*, 3d Dist. Wyandot No. 16-09-01, 2009-Ohio-3822, ¶ 37 (quoting the same).

### III. Conclusion

**{¶ 19}** We conclude that res judicata prevents Singleton from challenging the trial court's findings with respect to the specifications at this time. Additionally, the key issue in all three of the assignments of error is whether the trial court found that Singleton was the principal offender in the murder. Because we conclude that the trial court did find that Singleton was the principal offender in the aggravated murder, all of the assignments of error must fail. The three assignments of error are overruled.

**{¶ 20}** The trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, J., concurs.

DONOVAN, J., dissents:

**{¶ 21}** I dissent. The penalty for aggravated murder without the fact-finder's determination that Singleton was the principal offender in the aggravated murder is life imprisonment with the possibility of parole after 20 years. Singleton received 30 years to life on the aggravated murder. Hence, the sentence was unlawful and is void, which can be raised at any time. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 30, cautions, "no court has the authority to impose a sentence that is contrary to law."

**{¶ 22}** The majority cites to *Keene*, 2d Dist. Montgomery No. 14375, 1996 WL 531606, but *Keene* is distinguishable. In *Keene,* the trial court's verdict properly recited the requirements of R.C. 2929.04(A)(7). That is not true here. The verdict form signed by

the three-judge panel on December 4, 1997 did not include any aggravating circumstance finding on the aggravated murder (Count One). It is well established the fact-finder(s) must separately determine specifications. That is, a guilty finding must have been made on the aggravating circumstance. The majority appears to suggest that since the evidence would have supported such a finding, that was sufficient. However, this ignores the statutory scheme set forth in R.C. 2929.04(A). "Only the aggravating circumstances related to a given count may be considered in assessing the penalty for that count." *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.2d 180, quoting *State v. Cooey*, 46 Ohio St.3d 20, 544 N.E.2d 897 (1989), paragraph three of the syllabus.

**{¶ 23}** The majority also relies upon *Crawford,* 10th Dist. Franklin No. 85AP-324, 1986 WL 1715, and *Ham,* 3d Dist. Wyandot No. 16-09-01, 2009-Ohio-3822, to suggest that general findings are sufficient when a case is tried without a jury. This is certainly true as to the guilty finding of aggravated murder, the primary charge, but has never been true of aggravating circumstances, which require a separate and distinct determination of guilt.

**{¶ 24}** I would find the 30-years-to-life sentence void and reverse and remand for resentencing on the aggravated murder count only.

. . . . . . . . . . . .

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Marshall G. Lachman
Hon. Michael W. Krumholtz